UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VICKIE HOLLY** | : | **DOCKET NO. 2:20-cv-00714** |
| **VERSUS** | : | |
| | | **JUDGE JAMES D. CAIN, JR.** |
| **BOYD RACING, L.L.C. D/B/A DELTA DOWNS RACETRACK CASINO AND HOTEL** | : | |
| | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Second Motion to Remand [doc. 7] filed by plaintiff Vickie Holly. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. Defendant Boyd Racing, L.L.C. ("Boyd Racing") opposes remand. Doc. 10.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand [doc. 7] be **DENIED**.

I.
BACKGROUND

This matter arises out of an alleged accident occurring at Delta Downs Racetrack Hotel and Casino ("Delta Downs") in Calcasieu Parish, Louisiana. Doc. 1, att. 1, p. 4. Plaintiff filed suit in the 14th Judicial District Court for the Parish of Calcasieu on July 18, 2019, alleging that she was injured when a Delta Downs employee "struck [her] left foot and ankle with a metal rimmed housekeeping cart." *Id.*, pp. 4–5, ¶ V. Named as the original defendants were Boyd Racing, L.L.C, Boyd Gaming Corporation, and Boyd Louisiana Racing, L.L.C. *Id.*, p. 4, ¶¶ I–III. Plaintiff alleged that, as of the time suit was originally filed, she suffered and continued to suffer "physical pain, loss of enjoyment of life, lost wages, and medical expenses" and sought damages for (1) past,

-1-

present, and future medical expenses; (2) past, present, and future pain and suffering; and (3) lost wages. *Id.*, pp. 5–6, ¶¶ IX–X.

The original complaint was removed to this court on August 9, 2019, pursuant to 28 U.S.C. § 1332(a), on the basis of diversity jurisdiction. 19-cv-1035, doc. 2. Plaintiff moved to remand contending defendants failed to show that the requisite amount in controversy was "facially apparent" from the petition and neither did they put forth summary judgment-type evidence establishing the amount in controversy by a preponderance of the evidence as they are required to properly remove. 19-cv-1035, doc. 9, pp. 6–8. We agreed with plaintiff and recommended remand. 19-cv-1035, doc. 12. Specifically, we noted that the defendants failed to provide the court with "medical reports, proof of medical expenses, or any documents relative to plaintiff's wage claim." *Id.*, p. 5. The District Court accepted our finding and remanded the case to state court on January 10, 2020. 19-cv-1035, docs. 13–14.

Following original remand the parties engaged in discovery. Thereafter, the plaintiff voluntarily dismissed her claims against Boyd Gaming Corporation and Boyd Louisiana Racing, L.L.C. on April 27, 2020. Doc. 1, p. 2, n. 1. On June 5, 2020, the remaining defendant, Boyd Racing L.L.C. ("Boyd Racing"), again removed the case to federal court on the basis of diversity jurisdiction. Doc. 1, p. 2, ¶¶ 2–3.[1] According to the Notice of Removal, on June 1, 2020, defense counsel received a letter advising that plaintiff, at the recommendation of her internist, intended to undergo surgery on her left ankle. *Id.*, pp. 3–4, ¶¶ 6, 8. Defendant contends this letter, in conjunction with plaintiff's prior deposition testimony on May 29, 2020, during which she testified that she has ceased working altogether because of her injury, establishes that the amount in controversy now exceeds $75,000. *Id.*, p. 4, ¶ 9. Defendant alleges that it timely removed the case

---

[1] Citizenship of the parties was not an issue in the first removal and neither is an issue here. Defendant is a Nevada corporation with its principal place of business in Nevada and plaintiff is a Texas citizen and domicicliary. Doc. 1, p. 2, ¶ 2

within thirty days of the receipt of the letter, the "other paper" upon which defendant could first ascertain that the amount in controversy exceeded $75,000. *Id*., p. 5, ¶ 11.

Plaintiff's Motion to Remand suggests that the defendant still cannot meet its burden of establishing the amount in controversy exceeds $75,000. Doc. 7. While the defendant contends that the plaintiff's desire to undergo surgery coupled with plaintiff's claim for lost wages sufficiently establishes the jurisdictional amount, the plaintiff argues that the defendant can offer no "substantive evidence" that these expenses would exceed $75,000. *Id*., att. 1, p. 9. Plaintiff argues that defendant's conclusions as to the amount are arbitrary and unsupported. *Id*. In response, defendant does not argue that the "facially apparent" standard applies but maintains that it has sufficiently set forth additional facts in controversy showing the threshold is met in this removal. Doc. 10, pp. 3–4. Defendant maintains that these additional facts were obtained through discovery following the first remand. *Id*., p. 4. Defendant has attached to its opposition exhibits evidencing the extent of plaintiff's claimed damages. *Id*., atts. 1–6. With excerpts of the plaintiff's deposition, answers to interrogatories, plaintiff's medical records, counsel's letter to the defendant in June 2020 advising that plaintiff will undergo surgery, and the affidavit of an expert testifying to the cost of the surgery, all attached to the defendant's opposition, the defendant maintains that it has sufficiently demonstrated that the amount in controversy exceeds $75,000. *Id*., pp. 4–5.

## II.
### LAW & ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 29 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The

removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing La. Code Civ. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that supports a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Once the removing defendant has made this showing, the burden shifts to the plaintiff to show to a "legal certainty" that he will not be able to recover the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411-12.

The jurisdictional facts supporting removal must be judged at the time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). Where the facially apparent test is not met, the court may consider "summary-judgment-type evidence" that is relevant to the amount in controversy at the time of removal. *Id*. at 1336. Courts may consider summary judgment-type evidence submitted after the time of removal, so long as the amount in controversy was ambiguous at the time of removal. *Williams v. Cypress Ins. Co.*, No. 18-694, 2019 WL 267921, at *3 (W.D. La. Jan. 2, 2019) (citing *Gebbia*, 233 F.3d at 883.)

Here, defendant does not rely on the "facially apparent" determination to establish the amount in controversy, but instead attempts to set forth additional facts in controversy to show the jurisdictional threshold is satisfied. Doc. 10, pp. 3–4. In our Report and Recommendation on

plaintiff's first motion to remand in Holly 1, we found that the amount in controversy as stated in plaintiff's petition was "vague and imprecise." 19-cv-1035, Doc. 12, p. 5. We note that plaintiff has not amended her petition or otherwise indicated she was seeking a more particular amount of damages since this case was last remanded. *Compare* Doc. 2, att. 1, with 19-cv-1035, Doc. 2, att. 1. Therefore, the amount in controversy at the time of this removal is no more "facially apparent" than it was with the first so that consideration of defendant's summary judgment-type evidence obtained since the last remand is proper here. *Allen*, 63 F.3d at 1336.

In opposition to the motion defendant contends the following facts in controversy indicate that the amount exceeds the jurisdictional threshold:

(1) Plaintiff has alleged several injuries as a result of defendant's actions, including severe pain in her left ankle and foot, high blood pressure, depression and anxiety, other injuries which may manifest prior to trial, and a compromised gait that have caused neck and upper back pain. *See* Doc. 10, att. 2, p. 7; *see also* att. 5, pp. 13–14.

(2) Plaintiff underwent an MRI and was diagnosed with a medial talar dome osteochondral lesion. Doc. 10, att. 3, p. 14.

(3) Plaintiff has provided medical records indicating she has undergone several treatments with a chiropractor and podiatrist, with medical expenses already totaling about $15,000. *See* Doc. 10, att. 2, p. 6; *see generally* att. 3.

(4) Plaintiff testified in her deposition that she has experienced constant, severe left ankle pain, continuing nearly two years after the accident. Doc. 10, att. 5, p. 16.

(5) Due to her injury, plaintiff cannot work in her job as a certified nursing assistant, where she has earned between $11 and $17 an hour. Doc. 10, att. 5, pp. 5-10. Her most recent job paid her $13 an hour with shift differential. *Id.*, p. 7. She ceased working in December 2019 because of swelling, pain, and spasms in her left foot. *Id.*, p. 6. She testified that she could not state the average number of hours she worked per week but indicated that she would work two to three 12-hour shifts at a time. *Id.*, p. 7. Assuming plaintiff worked about forty hours a week, defendant contends that this amounts to approximately $27,040 lost wages per year. Doc. 10, p. 7. Thus, at the time of removal—nearly two years after the accident—defendant contends that plaintiff's lost wages totaled over $54,000. *Id.*

(6) Plaintiff has been deemed disabled due to her ankle injury and receives Social Security disability benefits because she can no longer work. Doc. 10, att. 5, pp. 18-19.

(7) Per her internist's recommendation, plaintiff intends to undergo surgery on her left ankle, including "ankle scope, joint debridement, TAL, endoscopic plantar fasciotomy, and amnio injection of the ankle." Doc. 10, att. 4. According to an expert registered nurse auditor, the range of the cost of the proposed surgery where the plaintiff lives would be $33,507.95-$46,619.28. Doc. 10, att. 6.

The defendant also argues Louisiana courts have awarded between $25,000 and $75,000 in general damages alone for ankle injuries similar to plaintiff's. Doc. 10, p. 8. Moreover, defendant contends that plaintiff has "refused to stipulate that her damages do not exceed $75,000," indicating that she intends to seek more than the requisite amount at trial. *Id.*

We find that defendant has proven by a preponderance of the evidence that the requisite amount is in dispute. Defendant sets forth evidence showing that plaintiff's special damages at the time of removal totaled approximately $69,000, that is approximately $15,000 in medical expenses and nearly $54,000 in lost wages.[2] Defendant has provided excerpts from plaintiff's sworn deposition testimony and her medical records establishing as such. Additionally, the anticipated cost of plaintiff's future surgery raises just the special damages well beyond the $75,000 threshold since, according to defendant's expert's affidavit, that surgery will cost at least $33,507.95. Doc. 10, att. 6. Finally, according to the Louisiana jurisprudence that defendant cites, an award of $25,000 in general damages for plaintiff's ankle injury alone could be anticipated.[3] When those

---

[2] While defendant claims plaintiff has missed two years of work due to the accident, we note that plaintiff did work for approximately three months. Her deposition testimony indicates that she worked from October to December 2019, making from $13 to $17 in rotating shifts. *See* Doc. 10, att. 5, pp. 6–8. Thus, the period when she accumulated lost wages was from the date of her accident in July 2018 to October 2019, then again from December 2019 to the time of removal in June 2020. *Id*. In any event, we need not calculate a precise amount of lost wages to find that in conjunction with the other evidence defendant has presented, the amount in controversy will still exceed $75,000.

[3] *See, e.g.*, *Ritchie v. Richards*, No. 10-103, 2011 WL 941208 at *7-8 (La. App. 1 Cir. 2/11/11). The *Ritchie* court reversed the jury's original award of $7,5000 and raised the award to $25,000 for pain and suffering/loss of enjoyment of life, and $15,000 for physical disability/impairment. *Id*. at *7. Plaintiff therein suffered a probable osteochondral lesion to the talar dome of his left ankle and torn meniscus. *Id*. at *5.

special damages are added to the potential general damages, the total clearly exceeds $75,000. Accordingly, we recommend that the district court find that defendant has proven that, more likely than not, plaintiff's damages at the time of removal exceeded the jurisdictional threshold..

### III.
### CONCLUSION

For the reasons stated,

**IT IS RECOMMENDED** that the Motion to Remand [Doc. 7] be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428–20 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)), *as recognized in Cruz v. Rodriguez*, 828 F. App'x 224, 2020 WL 6478502 (5th Cir. 2020) (unpubl.).

THUS DONE AND SIGNED in Chambers this 4th day of March, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE